UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DIONISIO MALDONADO,          CASE NO.:

        Plaintiff,

vs.

BROTHERS B PAINTING,
LLC, A GEORGIA LIMITED
LIABILITY COMPANY, AND
OMAR BETANCUR,
INDIVIDUALLY,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DIONISIO MALDONADO, by and through the undersigned attorney, sues the Defendants, BROTHERS B PAINTING, LLC, a Georgia Limited Liability Company, and OMAR BETANCUR, Individually, and alleges:

1.    Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §

216(b) ("FLSA").

## GENERAL ALLEGATIONS

2.   Plaintiff worked as an hourly paid painter for Defendants from approximately March 2011 to beginning of 2016 when he went out on medical leave.

3.   While working for Defendants, Plaintiff was paid an hourly rate, most recently $16 per hour for all hours worked.

4.   Plaintiff worked for Defendants in Gwinnett County, Georgia, among other locations.

5.   Defendant, BROTHERS B PAINTING, LLC, is a Georgia Limited Liability Company that operates and conducts business in, among others, Gwinnett County, Georgia and is therefore, within the jurisdiction of this Court.

6.   At all times relevant to this action, OMAR BETANCUR was an individual resident of the State of Georgia, who owned and operated BROTHERS B PAINTING, LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of

BROTHERS B PAINTING, LLC.  By virtue of having regularly exercised that authority on behalf of BROTHERS B PAINTING, LLC, OMAR BETANCUR is an employer as defined by 29 U.S.C. § 201, et seq.

7.    This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

8.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

9.    During Plaintiff's employment with Defendants, Defendant, BROTHERS B PAINTING, LLC, earned more than $500,000.00 per year in gross sales.

10.    During Plaintiff's employment with Defendant, Defendant, BROTHERS B PAINTING, LLC, employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

11.    Included in such goods, materials and supplies were paint materials and supplies, brushes, ladders, vehicles, office equipment and

furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

12.    Therefore, Defendant, BROTHERS B PAINTING, LLC, is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA Violations

13.    At all times relevant to this action, Defendants failed to comply with the FLSA by misclassifying Plaintiff as an independent contractor and by failing to pay him overtime compensation for overtime hours worked.

14.    During his employment with Defendants, Plaintiff was paid by the hour.

15.    If Plaintiff worked overtime hours, he was only paid his regular hourly rate for all overtime hours worked, not a full overtime rate.

16.    Defendants classified Plaintiff as an independent contractor.

17.    However, Defendants controlled Plaintiff's job duties.

18.    Defendants selected the jobs to accomplish, materials to use,

and how many painters were involved for each job.

19.     Since Plaintiff was paid by the hour, he could not use his managerial skill to increase his profits from his work with Defendants.

20.     Defendants provided all substantial equipment and materials used by Plaintiff.

21.     In fact, Defendants would even transport Plaintiff to the job site in Defendants' vehicles at times.

22.     Plaintiff's jobs duties was simply to paint the structures and assignments given to him.

23.     Plaintiff did not need a professional license or certain amount of schooling to perform his job.

24.     Plaintiff's work performed for Defendants lasted approximately 5 years, and was not temporary employment.

25.     Defendants operate a painting business, and the painters they utilized (including Plaintiff) were an integral part of Defendants' business because without the painters like the Plaintiff, Defendants would not be paid by their customers.

26.     Upon information and belief, the records, to the extent any

exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

27.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26 above.

28.    Plaintiff was entitled to be paid overtime compensation for his overtime hours worked.

29.    During his employment with Defendants, Plaintiff was misclassified as an independent contractor and was only paid "straight time" for his overtime hours worked instead of complete overtime compensation. *See* ¶¶ 13-25.

30.    Defendants did not have a good faith basis for their decision to classify Plaintiff as an independent contractor.

31.    As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff complete overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

32.    As a result of Defendants' willful violation of the FLSA,

Plaintiff is entitled to liquidated damages.

33.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, DIONISIO MALDONADO, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 7th day of September, 2016.

**/s/ C. Ryan Morgan**
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email:      RMorgan@forthepeople.com
*Attorneys for Plaintiff*